UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**William Carey Carlberg, Jr.**

    **v.**                                             Case No. 08-cv-230-PB

**N.H. Dep't of Safety, et. al.**

**O R D E R**

I agree with the defendants that the court lacks jurisdiction over plaintiff's Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") claims against the Department of Safety and the individual defendants in their official capacities. I also agree that plaintiff lacks viable USERRA claims against the individual defendants in their individual capacities. I base these conclusions on the Ninth Circuit's decision in Townsend v. University of Alaska, 2008 WL 4093608 (9th Cir. 2008), the Fifth Circuit's decision in McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008), and the Seventh Circuit's decision in Velasquez v. Frapwell, 165 F.3d 593 (7th Cir. 1999). The First Circuit's decision in Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609 (1st Cir. 1996) is inapplicable because it was issued before Congress substantially amended the USERRA's venue and jurisdiction provisions in 1998. See Townsend, 2008 WL 4093608, at *2 (discussing amendments).

Accordingly, plaintiff's USERRA claims against the Department of Safety and the state defendants in their official capacities are dismissed without prejudice.  Plaintiff's USERRA claims against the individual defendants in their individual capacities are dismissed for failure to state a claim.

Plaintiff has failed to explain how he has stated viable claims against either Superior Court Judge Kenneth McHugh or Attorney General Kelly Ayotte.  These claims are dismissed for failure to state a claim.

Plaintiff has pleaded minimally sufficient constitutional claims against the remaining individual state defendants in their individual capacities.  Whether the evidence will support these claims is a matter that will have to be resolved either on motions for summary judgment or at trial.  Defendants' motions to dismiss these claims are denied without prejudice to their right to renew their arguments in a properly supported motion for summary judgment.

Defendants fail to present a coherent argument that any of plaintiff's state law claims against the individual defendants in their individual capacities are barred by sovereign immunity. Defendants' motions to dismiss based on sovereign immunity are denied.

I decline to assess the merits of plaintiff's state law claims at this time.  Defendants shall file a motion for summary judgment addressing the plaintiff's constitutional claims within 90 days.  If I grant that motion, I will decline to exercise supplemental jurisdiction over plaintiff's state law claims.  Defendants' motion to dismiss plaintiff's state law claims (other than plaintiff's claims against Ayotte and McHugh) is denied without prejudice.

Defendants' motions to dismiss (Doc. Nos. 18 and 19) are granted in part and denied in part.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 15, 2008

cc: William Carey Carlberg, Jr., Pro Se
    Laura E. B. Lombardi, Esq.
    James W. Donchess, Esq.